## ORCHIN et al. v. FORT WORTH POULTRY & EGG CO. et al.

### No. 10869.

Court of Civil Appeals of Texas. Dallas.

Sept. 17, 1932.

For prior opinion, see 43 S.W.(2d) 308.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellants.

McCormick, Bromberg, Leftwich & Carrington, Seay, Seay, Malone & Lipscomb, and Tarlton Stafford, all of Dallas, for appellees.

JONES, C. J.

At a former day during this term of court, this cause was reversed and remanded, writ of error was prosecuted to the Supreme Court, and a final judgment of denial of such writ was entered by the Supreme Court. After the mandate of the Supreme Court was filed in this court, but before this court had issued its mandate to the lower court, appellants duly filed a motion to reform the judgment entered in this court and to retax the cost. Appellee Fort Worth Poultry & Egg Company filed a similar motion and asked for similar relief. Appellee Indemnity Insurance Company of North America, a corporation, filed a motion also praying that the judgment of this court be reformed and the cost retaxed. The relief sought by each party will appear in the discussion of the motions. The original opinion is reported in

(Tex.Civ.App.) 43 S.W.(2d) 308, and reference is made to such opinion for a full statement of the case.

For the purposes of this discussion, it may be briefly stated that Joe Orchin, deceased, was the husband of appellant Mrs. Eunice Orchin, and the father of the minor plaintiff, Dorothy Orchin; that Joe Orchin, at the time of his death, was an employee of the Gulf Refining Company and received his fatal injuries while in the scope of his employment; that the Indemnity Insurance Company of North America was the compensation carrier; that because of the death of Joe Orchin, the appellants were entitled to compensation of $20 per week for 360 weeks and the Indemnity Insurance Company of North America has become obligated to pay to appellants such weekly allowance, and has made all matured payments on such obligation, and will continue to make the future payments until the obligation is fully discharged. Appellants instituted the suit to recover damages suffered by them, in excess of the compensation payments, against the Fort Worth Poultry & Egg Company, on allegations that the negligence of the operator of a truck belonging to, and being operated by, the Fort Worth Poultry & Egg Company, directly and proximately caused the death of Joe Orchin. The Indemnity Insurance Company of North America intervened in this suit and set up its statutory cause of action against the same defendant for recovery of the amount it had paid on the weekly allowance to appellants, and the amount it is obligated to pay to appellants in the future.

The trial in the district court resulted in a judgment against appellants, as plaintiffs, and against the Indemnity Insurance Company of North America as interveners, and they were adjudged to take nothing by their suit. Appellants prosecuted an appeal to this court, but the Indemnity Insurance Company of North America prosecuted no appeal, and permitted the judgment against it to become final in the district court. Appellants and the Fort Worth Poultry & Egg Company urge that the judgment entered in this court may in legal effect be construed to reverse and remand the entire case, both as to appellants' cause of action and as to the cause of action alleged by the Indemnity Insurance Company of North America, though the opinion of this court indicates that it is only intended to enter a judgment reversing the case as to the cause of action alleged by appellants. The Indemnity Insurance Company of North America urges that the language of the judgment should be changed so as to clearly to indicate that the entire case, both as to appellants and as to it, is reversed and remanded, and that such is the only procedure to be followed under the issues of this case.

We are of the opinion that the judgment

is, perhaps, susceptible of the meaning that the entire case as to all parties is reversed and remanded, and we will reform said judgment, so as to state positively and directly that the judgment of the district court as between the appellants and the Fort Worth Poultry & Egg Company is reversed, and that such judgment as between the Indemnity Insurance Company of North America and the Fort Worth Poultry & Egg Company is not disturbed. Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548; Wimple v. Patterson (Tex.Civ. App.) 117 S. W. 1037; Larson v. Middleton (Tex.Civ.App.) 19 S.W.(2d) 120; Adams v. Houston National Bank (Tex.Com.App.) 1 S. W.(2d) 878; Murchison v. Davis (Tex.Civ. App.) 4 S.W.(2d) 1016; Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136.

It appears that cost was taxed against the Fort Worth Poultry & Egg Company and against the Indemnity Insurance Company of North America. This, of course, was error, for the Indemnity Insurance Company of North America did not join in the appeal and did not incur any of the cost in this court, and the motions to retax cost are granted and all the cost of this court is taxed against the Fort Worth Poultry & Egg Company.

Appellants' motion, and the Fort Worth Poultry & Egg Company's motion to reform the judgment and to retax cost, are granted; the motion of the Indemnity Insurance Company of North America to reform the judgment in the manner requested by it is denied; its motion to retax cost is granted.

Judgment of this court reformed and cost retaxed.