**BOLES et ux. v. MISSOURI STATE LIFE INS. CO. et al.**

**No. 8008.**

Court of Civil Appeals of Texas. Austin.

Nov. 28, 1934.

Rehearing Denied March 27, 1935.

Lockhart & Brown, of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellees.

BAUGH, Justice.

On October 27, 1922, George M. Boles borrowed from the Temple Trust Company $60,-000, executed his note for that amount, due May 1, 1933, bearing interest at the rate of 6 per cent. per annum, evidenced by interest coupons attached, and secured by a first deed of trust on 4,445 acres of land in Lubbock county, Tex. In addition to the principal note he executed an additional interest note for $12,616.65, due $616.65 on May 1, 1923, and $1,200 on the first of May of each year thereafter until paid, and its payment secured by a second deed of trust on the same land. The latter note evidenced a 2 per cent. additional interest charge on the principal debt, making the aggregate interest charge of 8 per cent. on said loan. The latter note and deed of trust were retained by the Temple Trust Company, but the former note and lien, through assignments, passed to the Missouri State Life Insurance Company. It is not controverted that both notes and deeds of trust constituted a single transaction, and each deed of trust referred to and was interrelated with the other. Both notes and deeds of trust provided accelerated maturity provisions in case of default of interest payments, and provided that should the maker pay, as he was authorized to do, any portion of the principal, the interest note and interest coupons should be reduced proportionately.

Boles paid $19,800 on the principal note before maturity, under his option, and all interest charges up to 1932, but defaulted in his interest payments on the balance due May 1, 1932. Whereupon the Missouri State Life Insurance Company, as provided for in its note

and deed of trust, declared its debt due, sued thereon and sought foreclosure of its lien. The Temple Trust Company also sued for the 2 per cent. interest due up to date on its second lien note and sought foreclosure of its lien.

■■ In defense, appellants, among other things, alleged that the contract, evidenced by the two notes and deeds of trust, was usurious, sought to have same so adjudged and the interest payments applied as credits upon the principal debt. This defense was predicated upon the contention that the accelerating maturity provision of the interest note and second deed of trust, under the holding in the well-known case of Shropshire v. Commerce Farm Credit Company, 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A. L. R. 1269, rendered such contract usurious. The trial court instructed a verdict for appellees, and rendered judgment accordingly, from which Boles and wife have appealed.

We have carefully examined the notes and deeds of trust involved in this case and find no material difference between them and the instruments involved in the case of Walker v. Temple Trust Company, 60 S.W.(2d) 826, wherein we held that such contract was not usurious. There is no contention that Boles has paid more than 8 per cent. on the money borrowed during any year. Nor do the amounts sued for by appellees aggregate more than 8 per cent. interest for any year up to the date of judgment. Under our conclusion reached in the Walker Case, appellees could not have enforced, under their contract, collection of more than 8 per cent. interest for any year. Under the conclusion announced in the Walker Case and in Hughes v. Bryson (Tex. Civ. App.) 29 S.W.(2d) 898, the judgment of the trial court is affirmed.