GENERAL AMERICAN LIFE INSURANCE CO., Appellant, v. Clyde R. BURLESON et ux., Appellees.

No. 4380.

Court of Civil Appeals of Texas. Amarillo.

June 24, 1935.

Rehearing Denied. Sept. 9, 1935.

Bean, Duggan & Bean, of Lubbock, for appellant.

Vickers, Campbell & Evans, of Lubbock, for appellees.

HALL, Chief Justice.

The appellees, Burleson and wife, Mary A. Burleson, borrowed $3,000 from the Temple Trust Company on May 1, 1923, and executed one note for $3,000 due February 1, 1934. To secure the payment of this note they executed and delivered a mortgage covering the southeast quarter of section 26, block P, in Lubbock county. The principal debt bears interest at 8 per cent. There is no allegation in the pleading that more than 8 per cent. interest per annum was ever paid by appellees. The interest due on the principal debt to the extent of 6 per cent. per annum was evidenced by coupons attached to the principal note. The balance of interest at the rate of 2 per cent. per annum for the entire term of the loan was evidenced by a note for $645 payable in eleven installments, the first being for $45 due February 1, 1924, and the remaining installments for $60 each due on the 1st day of February of each year beginning 1925 to 1934, inclusive. A second mortgage was executed covering the same property to secure the payment of this interest note.

Burleson and wife instituted this suit against the General American Life Insurance Company, Temple Trust Company and its receiver, H. C. Glenn, alleging usury, praying for credit upon the principal note for the amount of all interest paid, alleged to be $2,340. They further allege they paid $480 interest within the two years next preceding the institution of the suit, and sought to recover double interest as penalty. They also prayed for cancellation of the balance of the interest note, which was originally $645.

The General American Life Insurance Company alone answered, alleging that the two notes and the mortgages constituted one contract, and that the contract was not usurious because of the stipulations in the mortgage which we have set out in substance in Temple Trust Co. et al. v. Lou Stubbs et al. (Tex. Civ. App.) 85 S.W. (2d) 817.

Suffice it to say that there is no controversy as to the material facts, and the assignments urged present the same issues of law as have been presented and considered in the following cases: Myrtle P. Cowan v. R. I. Wilson et ux. (Tex. Civ. App.) 85 S.W.(2d) 823; Temple Trust Co. et al. v. Lou Stubbs et al. (Tex. Civ. App.) 85 S.W.(2d) 817; Temple Trust Co. et al. v. W. L. Logan et ux. (Tex. Civ. App.) 85 S.W.(2d) 816; and Temple Trust Co. et al. v. O. Lykes et ux. (Tex. Civ. App.) 85 S.W.(2d) 818, this day decided by this court.

For the reasons stated in the foregoing cases, the judgment of the court in the instant case is erroneous.

The judgment is therefore reversed, and the cause remanded.