**COWAN v. WILSON et ux.**

No. 4392.

Court of Civil Appeals of Texas. Amarillo.
June 24, 1935.

Rehearing Denied Sept. 9, 1935.

Bean, Duggan & Bean, of Lubbock, for appellant.

Vickers, Campbell & Evans, of Lubbock, for appellees.

HALL, Chief Justice.

This suit involves the validity of a contract made by Wilson and wife, Lorena Wilson, with the Temple Trust Company, under the terms of which Wilson and wife borrowed $14,000 from said company. The contract is in its main features similar to the contracts which we have considered in Temple Trust Co. et al. v. O. Lykes et ux. (Tex. Civ. App.) 85 S.W.(2d) 818, Temple Trust Co. et al. v. W. L. Logan et.ux. (Tex. Civ. App.) 85 S.W.(2d) 816, and Temple Trust Co. et al. v. Lou Stubbs et al. (Tex. Civ. App.) 85 S.W.(2d) 817, and has been attacked by the appellees upon the ground that it is tainted with usury.

The debt in the instant case is secured by a first mortgage on lot 11, in block No. 134, in the town of Lubbock, and to secure an interest note in the sum of $1,857.50 a second mortgage was executed by Wilson and wife upon the same property. The mortgages are practically identical with the mortgages in the above cases, and the cases cited therein, in which loans were made by the Temple Trust Company to the complainants.

The allegation in this case is that the loan was usurious because of the clause in the second mortgage reading as follows: "But if default should be made in the payment of any of the installments on the note above described 'for $1,857.50, or of the note or bond secured by the first mortgage aforesaid, or if default should be made in the compliance with any of the terms and conditions of said first mortgage, which are hereby adopted and made a part of this instrument, then the whole sum of money hereby secured, being for the full amount of the balance unpaid on said note for $1,857.50, shall become due and payable at the election of the holder thereof."

█ As in the cases mentioned above, the contract between the Temple Trust Company and the plaintiffs was evidenced by the notes given for the principal of the loan and the interest, together with the two mortgages, and together they constitute one contract, and by reference in one to the other they must be considered as one contract.

Wilson and wife alleged the payment of certain amounts of interest, and sought to have this interest credited upon the principal, and to have the $1,857.50 interest note canceled.

Mrs. Cowan, who had become the purchaser of the original note, answered that she was not the owner of the interest note, and was informed that it was still owned by the Temple Trust Company and in the hands of its receiver, H. C. Glenn.

Neither the Temple Trust Company nor Glenn appeared in the suit.

By cross-action Mrs. Cowan sought to recover the amount due upon the original note and to foreclose the first mortgage lien upon the property described therein. She prayed for the appointment of a receiver, and this relief was denied her.

In a trial to the court without a jury, there was a judgment that Wilson and wife recover against Mrs. Cowan, the Temple Trust Company and its receiver, Glenn, the sum of $12,543.48, and it was ordered that said sum be applied as a credit upon the principal note, leaving a balance due Mrs. Cowan of $1,456.52. The appellees were denied a recovery of any penalty claimed on account of interest paid on the indebtedness within the preceding two years. Mrs. Cowan was denied a foreclosure of her lien, but the judgment established a lien in her favor to secure payment of $1,456.52 due January 1, 1935.

█ Reference to the record shows that the first mortgage contains the same provision with reference to special taxes which might possibly be assessed by the state against the debt secured thereby, and also with reference to taxes upon any interest which the Temple Trust Company, or its successors, might have in the bond which evidenced the indebtedness. It recites that should said taxes exceed 10 per cent. per annum, then the grantors were not required to pay such excess, unless it had first been decided by the courts of last resort that the excess did.not render the contract usurious. It also contained the acceleration clause, providing for a sale of the property at the option of the Temple Trust Company, or its successors, to declare the whole indebtedness due, to wit, "the principal and interest then accrued"; and contained the further provision with reference to the original $14,000 note that the makers thereof could exercise an option to pay $2,000 on January 1st of any year beginning 1930, and that if the option is exercised interest coupons attached maturing after such payment should be proportionately reduced. The same provision appears in the second mortgage to the effect that in case the makers thereof exercise the option of paying the loan or any part thereof before

maturity, then the note should be proportionately reduced.

These provisions have been discussed and considered by the court in numerous cases, and it is held that the effect thereof is to negative an intention on the part of the lender to collect or exact usury. It is unnecessary for us to do more than cite some of the cases, and say that they are decisive of the main assignments urged here. Dugan v. Lewis, 79 Tex. 246, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 332; Walker v. Temple Trust Co. (Tex. Com. App.) 80 S.W.(2d) 935; Boles v. Missouri State Life Insurance Co. (Tex. Civ. App.) 81 S.W.(2d) 141.

For the reasons stated, the judgment is reversed and the cause remanded.