## TEMPLE TRUST CO. et al. v. STUBBS et al.
### No. 4426.

Court of Civil Appeals of Texas. Amarillo.
June 24, 1935.

Rehearing Denied Sept. 9, 1935.

Jno. B. Daniel, of Temple, Critz & Woodward, of Coleman, and Bean, Duggan & Bean, of Lubbock, for appellants.

Vickers, Campbell & Evans, of Lubbock, for appellees.

HALL, Chief Justice.

On July 24, 1926, the Temple Trust Company loaned C. F. Stubbs and wife, Lou Stubbs, $8,500. The loan was evidenced by nine notes, the first eight for $500 each and the last for $4,500; the last note being due October 1, 1936. Before the institution of the suit C. F. Stubbs died, and the surviving widow and her children filed this suit, alleging that the loan was usurious because of a provision in the second mortgage to the effect that if default was made in the payment of any installment of the note, or in compliance with any of the terms and conditions of the mortgage, the whole sum of money secured by the second mortgage should become due and payable at the election of the holder.

The case was tried to the court without a jury and resulted in a judgment that the total sum of $7,160, which had been paid as principal and interest on the debt, should be credited upon the original principal of $8,500, leaving a balance of $1,340 due by the plaintiffs to appellants. The court also found that $1,000 had been paid to H. C. Glenn, as receiver of the Temple Trust Company. Judgment was that the plaintiffs recover of the Trust Company and of the receiver $8,160, and that sum be applied and credited to the extinguishment of the eight notes for $500 each, aggregating $4,500, leaving due by the appellees to appellants the sum of $340 as the only indebtedness secured by the first and second deeds of trust. The judgment further decrees the cancellation of the $1,340 note and the lien securing it.

The contract, like that in the case of M. L. Walker v. Temple Trust Co. (Tex. Com. App.) 80 S.W.(2d) 935, provides that if certain tax and interest payments agreed to be paid on the debt shall exceed 10 per cent., then Stubbs should not be required to pay it unless the court of last resort should hold that such payments would not render the contract usurious.

It further provides that in the event of default the "principal and interest then accrued" shall become due and payable at once. The Supreme Court holds that these and other similar provisions in loan contracts show that there was no intention to charge or collect usury, or at least render the question doubtful and require the court to resolve the doubt in favor of the legality of the transaction.

We find that this case is in some respects similar to the case of Boles et ux. v. Missouri State Life Ins. Co. (Tex. Civ. App.) 81 S.W.(2d) 141, and Temple Trust Co. v. Logan (Tex. Civ. App.) 85 S.W.(2d) 816, this day decided. Some of the same assignments are urged in each case, material facts supporting the propositions are identical with the two cases mentioned and the Walker Case, supra, and the disposition of the case must be governed by the same authorities.

For the reasons stated, the judgment is reversed and the cause remanded.