**TEMPLE TRUST CO. et al. v. LOGAN et ux.**

No. 4428.

Court of Civil Appeals of Texas. Amarillo.
June 24, 1935.

Rehearing Denied Sept. 9, 1935.

Jno. B. Daniel, of Temple, Critz & Woodward, of Coleman, and Bean, Duggan & Bean, of Lubbock, for appellants.

Vickers, Campbell & Evans, of Lubbock, for appellees.

HALL, Chief Justice.

W. L. Logan and wife, Pearl Logan, sued the Temple Trust Company and its receiver, H. C. Glenn, in the district court of Lubbock county for the purpose of canceling certain promissory notes which Logan and wife had executed to the Temple Trust Company, and prayed to have the mortgage liens executed at the same time, covering lot 6 in block 44 of the Overton addition to the town of Lubbock, canceled as a cloud upon their title.

They alleged: That about July 24, 1926, they borrowed $4,000 from the Trust Company, and as evidence of the debt executed eight notes for $500 each, one due each year on August 1, 1929 to 1936, respectively. That to secure said notes they executed a first mortgage upon said lot. That the original notes had interest coupons attached, which represented interest upon the indebtedness at the rate of 7 per cent. per annum, payable semiannually on February 1st and August 1st of each year. That the debt bore interest at the date of 10 per cent. per annum for the first four years, and 8 per cent. per annum thereafter. The interest coupons represented 7 per cent. The debt was to bear 10 per cent. interest per annum for the first four years, and 8 per cent. thereafter, and to evidence the additional 3 per cent. for the first four years and the additional 1 per cent. per annum thereafter, over and above the 7 per cent. evidenced by the coupons attached to the principal note, the borrowers executed their note for $570, payable in semiannual installments, the first six being for $60 each, and the remainder in smaller amounts as the principal notes were reduced by payments. To secure payment of the installment note for $570, the appellees executed a second mortgage upon the same lot. The appellees alleged that the loan was usurious because of the clause in the second mortgage reading as follows: "If default should be made in the payment of any of the installments on the note above described for $570.00 or of the note or bond secured by the first mortgage aforesaid, or if default should be made in the compliance with any of the terms or conditions of said first mortgage, which is hereby adopted and made a part of this instrument; then the whole sum of money hereby secured, being for the full amount of balance unpaid on said note for $570.00, shall become due and payable at the election of the holder thereof. * * *"

They further allege that about August 1, 1932, after they had paid $1,700 of the principal of the above debt, that is, after they had paid notes Nos. 1, 2, and 3 and $200 on note No. 4, and after they had paid interest aggregating $1,907.50, they executed renewal notes to Temple Trust Company, extending and renewing the unpaid balance of $2,300 of the original debt. That the renewal notes were as follows: One for $300, four for $200 each, and four for $300 each. Attached to the renewal notes were coupons representing interest thereon at the rate of 7 per cent. per annum. A renewal mortgage was also executed upon the same property, which bore interest at 8 per cent. per annum, and the additional 1 per cent. interest which was not included in the interest coupons attached to the renewal notes was evidenced by a note for $124, pay-

able in semiannual installments; the first two installments being for $11.50 each, and the others for lesser amounts as the principal notes were reduced. They alleged: That usury inhered in the renewals, and that after the renewal notes were executed the appellees paid the first renewal note of $300 and interest aggregating $256. That this sum, plus the sum of $3,607.50 paid on the loan before renewal, made a total payment of $4,163.50, thereby more than paying the loan in full. Appellees also sought to recover $712, being twice the amount of interest alleged to have been paid within the two years immediately preceding the filing of the suit.

Glenn, as receiver, filed a plea in abatement upon the ground that appellees had not obtained prior leave of the United States District Court which had appointed him, for permission to sue him as receiver. The Temple Trust Company also pleaded in abatement that Glenn had been appointed its receiver by the United States District Court, and was in possession of all its assets, and it was not a necessary party to the suit. The court overruled the pleas in abatement, and Glenn answered, denying that the loan was usurious, and alleged that shortly after the series of notes described in plaintiffs' petition were executed, the Temple Trust Company sold and transferred all of said notes to various and sundry investors, and that none of them had ever been a part of the receiver's estate.

Upon a trial to the court without a jury, judgment was rendered in favor of Logan and wife against the Trust Company and its receiver, canceling all of the notes described in plaintiffs' petition, together with the mortgage lien securing the same, and removing such liens as a cloud upon the title to said lot. The Temple Trust Company and Glenn have appealed.

We have before us the petition filed by the plaintiff in error Boles, in the case of Boles et ux. v. Missouri State Life Ins. Co. (Tex. Civ. App.) 81 S.W.(2d) 141, in which a writ of error has been refused by the Supreme Court. We also have the reply filed by the Missouri State Life Insurance Company to said application. The petition for writ of error and reply, when read in connection with the opinion of Mr. Justice Baugh in the case,

demonstrate that in their essential features the Boles Case and this case are similar; that exactly the same questions of law have been raised in both cases, and except the names of the parties, dates, amounts of the obligations, etc., they are practically identical. It is therefore unnecessary for us to discuss the assignments urged by the appellants or the cross-assignments presented in appellees' brief. In refusing the writ of error in the Boles Case, the Supreme Court in effect affirmed the decision of the Austin Court of Appeals, holding that the contract is not usurious.

The judgment of the trial court is reversed and the cause remanded.