TEMPLE TRUST CO. et al. v. COOPER.

No. 4608.

Court of Civil Appeals of Texas. Amarillo.

May 25, 1936.

Rehearing Denied Aug. 31, 1936.

Bean & Bean, of Lubbock, and Jno. B. Daniel, of Temple, for appellants.

Lockhart & Brown, of Lubbock, for appellee.

HALL, Chief Justice.

Cooper, as plaintiff in the court below, sued the Temple Trust Company, a corporation, and H. C. Glenn, its receiver, in trespass to try title to recover lots 13, 14, and 15, in block 24, of the original town of Littlefield.

For further cause of action he alleged that on the 2d day of January, 1926, he borrowed $6,750 from the Temple Trust Company, executing three series of notes of seven notes each, aggregating $2,500 for each series. There were four notes in the principal sum of $200 each, due on January 1, 1927, 1928, 1929, and 1930, respectively; two notes for the sum of $250 each, due January 1, 1931 and 1932, respectively; and one note for the principal sum of $1,200, due January 1, 1936. Said notes were dated January 2, 1926, bore interest at the rate of 7 per cent. per annum, payable semiannually on January 1st and July 1st of each year respectively, according to the tenor and effect of the interest coupons attached. That said notes stipulated that, in default of any installment of interest on any of said notes of such series, or upon default in the payment of any of said notes of said series when due, the holder thereof should have the right to declare all of said notes of such series at once due and payable. That at the same time the trust company required him to execute three first mortgage deeds of trust, each of said instruments securing one of said series of notes, and fixing a lien upon one of the three lots. That said three series of notes, interest coupons, and deeds of trust constituted the entire contract between the parties. That the contract was usurious, in that it required of plaintiff the payment of interest to the amount of $1,273.53 on the principal sum of $6,750 actually loaned by the Temple Trust Company for the period beginning January 1, 1926, and ending January 1, 1927, whereas interest at the rate of 10 per cent. for said period would have been $675, thus actually exacting of plaintiff usurious interest to the extent of $598.53 in excess of 10 per

cent. per annum. That it was usurious because it provided that, upon default in the payment of any semiannual installment of interest due upon any note when payment was due, the Temple Trust Company, or the holder of said notes, or any of them, should, at its option, declare the entire amount represented by such series of notes at once due and payable, and collect interest thereon from the date of such acceleration of maturity at the rate of 10 per cent. per annum; and also provided for acceleration of maturity from various other contingencies set out in the contract. That, because of the usurious nature of the contract, it was and is wholly void as to interest, and he was entitled to have all payments made by him credited upon the principal of said notes.

His pleading sets out the payments, showing that he has paid on each series of notes in the aggregate $2,346.01, a total on the three series of $7,038.03, which is $288.03 more than the $6,750 actually loaned. That Glenn was appointed receiver of the trust company July 1, 1933, and that all of such overpayments have been made to Glenn since he became receiver. That the trust company and Glenn, as its receiver, claim to be the owners of the three notes for $1,200 each (being the last notes of each series), the others having theretofore been marked "Paid" and delivered to plaintiff). That each of said notes has been fully paid and discharged by the payments made. That the three deeds of trust constitute clouds upon his title which he is entitled to have canceled and the cloud removed.

The prayer is for the cancellation of the notes, deeds of trust, removal of cloud from the title, and for recovery of the overpayment of $288.03 to H. C. Glenn, receiver, and for general and special relief.

The trust company and Glenn answered, which is in part as follows:

"That H. C. Glenn was the duly appointed receiver of the Trust Company by decree of the United States District Court for the Waco Division on March 10, 1933, and has continually since then been acting receiver for said corporation, and has possession of all of its assets; that long prior to the time of his appointment the notes described in plaintiff's petition, and secured by the mortgages therein set out, were sold and transferred to various and sundry persons residing in the State of Florida, the State of New Mexico, some in the State of Pennsylvania; that neither the Trust Company

nor Glenn, as receiver, hold any of the outstanding notes originally executed by Cooper to the Trust Company, and have no claim whatever against the property and premises described in plaintiff's petition; that the Temple Trust Company made Cooper three loans of $2,500.00 each on January 2, 1926, there being seven notes in each series, aggregating $2,500.00, and each loan being secured by one of the lots described in plaintiff's petition; that the seven notes of each series were sold and transferred by the Trust Company to various and sundry persons soon after they were executed, and while notes 1 to 6, both inclusive, of each series have heretofore been paid by Cooper, such payments, and all interest, were made to the Trust Company and H. C. Glenn, receiver, as agents for the then holders of said notes, and said amounts were remitted to the owners as and when collected by the Trust Company, or its receiver, as the case may have been.

"Wherefore, these defendants disclaim any right, title, interest or estate in and to the land and premises described in plaintiff's petition, and say that they are not the holders of any of the outstanding notes executed to Temple Trust Company by C. E. Cooper, and have no interest in the property and premises described in plaintiff's petition, and pray the court that they be discharged with their costs and go hence without day."

Their answer is without demurrers, exceptions, or a general denial.

Plaintiff then filed his first amended original petition, which was identical with his original petition, except that he included as additional parties "the unknown assigns of Temple Trust Company, a corporation, and their unknown heirs and legal representatives if they be deceased, and of the unknown owners of three notes for the sum of $1,200.00 each, dated January 2, 1926, executed by C. E. Cooper and payable to Temple Trust Company, and of their unknown heirs and legal representatives, if they be deceased." The unknown parties were cited by publication, and the court appointed an attorney ad litem to represent them, who filed general demurrers and general denials.

No other answer was filed on behalf of the trust company or Glenn than as above set out.

The case was tried to the court, without the intervention of a jury, and resulted in a judgment that plaintiff, Cooper, recover of and from the defendants, and each of them, the title and possession of the lots described in the petition, with a writ of restitution as against each defendant.

The court further decreed that the three series of notes, together with the interest coupons attached, be canceled; that the three mortgage deeds of trust, given to secure said three series of notes, be in all things canceled and annulled; that the cloud cast upon plaintiff's title by reason thereof be removed, and that defendants have no further claim against plaintiff by reason of the execution of said notes and deeds of trust. It was further decreed that Cooper recover from Glenn, as receiver, the sum of $288.03, with interest thereon from July 1, 1934, at the rate of 6 per cent. per annum, and all costs of suit; that T. Wade Potter, attorney ad litem, be allowed a fee of $25 to be taxed as costs.

The contract, construed from its four corners, is not usurious. While $750 was deducted at the time of the loan, if the interest is calculated to the date of the maturity of the contract, it will be found that the amount paid at that time to discharge the indebtedness is a fraction less than 10 per cent. per annum. Eubanks et ux. v. Simpson et al. (Tex.Civ.App.) 90 S.W. (2d) 291 (writ refused), and authorities cited. The deed of trust executed to secure the indebtedness contains this term: "Provided, that if any tax assessed within the State of Texas against the bond or debt secured hereby, or the interest in said premises of the Temple Trust Company, or its successors and assigns, together with the interest paid or agreed to be paid on such bond or debt, shall exceed ten per centum per annum, then the grantors shall not pay such excess unless it shall have been first decided by the courts of last resort, in this state that the payment of such excess would not render this contract usurious, in which event grantors herein do covenant to pay the same on demand."

This clause has been frequently discussed by the Courts of Civil Appeals, and by the Commission of Appeals in Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.(2d) 935, affirming the judgment in the same case by the Austin Court of Civil Appeals in 60 S.W.(2d) 826. See, also, Temple Trust Co. v. Logan et ux. (Tex.Civ.App.) 85 S.W.(2d) 816; Temple Trust Co. v. Lou Stubbs et al. (Tex.Civ.App.) 85 S.W. (2d) 817; General American Life Ins. Co. v. Burleson et ux. (Tex.Civ.App.) 85 S.W.

(2d) 825; Cowan v. Wilson et ux. (Tex. Civ.App.) 85 S.W.(2d) 823; Temple Trust Co. v. Lykes (Tex.Civ.App.) 85 S.W.(2d) 818.

German, Commissioner, held in the Walker Case, supra, 80 S.W.(2d) 935, that the determination of the question whether usury exists in a contract involves ascertainment of the dominant purpose and intention of the parties embodied in the contract interpreted as a whole, in the light of attending circumstances and governing rules of law which presumptively they intended to observe and obey in making the contract; that, to constitute usury, there must exist an intention to exact more for the use, forbearance, or detention of money than the maximum allowed by law; that, where the presence of usury sought to be established be an isolated provision of a contract, its true meaning must be ascertained by interpreting the language of the specific stipulation in harmony with and as part of the dominant intent evidenced by the contract as a whole; that a contingency, though within the literal words of the contract, which would enable the lender to collect more than the lawful rate of interest, does not necessarily make the contract usurious, when the contingency is evidenced only by an isolated provision of a general contract.

The principal notes for $1,200 each did not mature until January 1, 1936. This suit was filed December 29, 1934, at which time plaintiff claims to have paid $288.03 in excess of the amount then due, but this claim is based upon the idea that the contract was usurious, and that the payments of interest should be applied to discharging the principal sum borrowed. Since the contract is not usurious, the judgment, of course, is void, and Glenn had the right to appeal from that part of the judgment rendered against him as receiver in the sum of $288.03. Glenn and the trust company had filed a disclaimer of all interest in the notes, mortgages, and property, and they had no right to prosecute an appeal from the judgment in behalf of the unknown owners of the notes. A disclaimer is an admission upon the record of the plaintiff's right and a denial of the assertion of title on the part of the defendant. Herring v. Swain, 84 Tex. 523, 19 S.W. 774; Tull v. Wilbarger County (Tex.Civ.App.) 36 S.W.(2d) 316.

The unknown holders of the instruments sought to be canceled have not appealed. The judgment is voidable as to them be-

cause the contract is not usurious. The appeal of Glenn has brought the whole case before us. Thompson v. Kelley, 100 Tex. 536, 101 S.W. 1074; Reeves v. McCracken, 103 Tex. 416, 128 S.W. 895; Crow v. First Nat. Bank of Whitney (Tex.Civ.App.) 64 S.W.(2d) 377; Bates v. Crane County (Tex. Civ.App.) 55 S.W.(2d) 610, 612, and authorities cited.

By reason of the disposition made of the case, a further discussion of other contentions urged is not necessary.

The judgment against Glenn, receiver, is reversed and rendered, and the case dismissed.

MARTIN and JACKSON, Justices.

The majority of the court concurs only in the disposition of this case as to Glenn. As to the nonappealing defendants, we are of the opinion that it is neither necessary nor proper to consider or dispose of the case as to them until they invoke such action in a proper proceeding. Sullivan et ux. v. Doyle, 108 Tex. 368, 194 S.W. 136; Orchin et al. v. Fort Worth Poultry & Egg Co. et al. (Tex.Civ.App.) 53 S.W.(2d) 103, and authorities therein cited. The facts here are not such as to demand of us any action as to them. American Ind. Co. v. Martin (Tex.Com.App.) 84 S.W.(2d) 697.