## MORTGAGE BOND CO. OF NEW YORK v. MOORE et al.

### No. 1766.

Court of Civil Appeals of Texas. Waco.

June 11, 1936.

Rehearing Denied July 16, 1936.

Geo. T. Burgess, of Dallas, and Naman & Howell, of Waco, for appellant.

F. M. Fitzpatrick, of Waco, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted by appellee, Mrs. Dora Moore, a feme sole, against appellant, the Mortgage Bond Company of New York, a foreign corporation, and against Blair Stribling, who has made no appearance in this appeal. Appellee alleged that on May 13, 1925, she was the wife of B. P. Moore, and that she and her husband, in consideration of the sum of $1,900, loaned to them by appellant, executed and delivered to it their promissory note for said sum of money; that the same was payable in part in semiannual installments and the remainder on June 1, 1930; that said note bore interest from date on the amount of the principal unmatured during each successive six months' period at the rate of 7 per cent. per annum, payable semiannually, evidenced by ten interest notes in accordance with the terms thereof; that all said notes, both principal and interest, provided that the same should bear interest at the rate of 10 per cent. per annum after maturity; and that appellee and her husband, to secure the same, executed a deed of trust on the land involved herein. Certain provisions of said deed of trust, hereinafter designated as the first deed of trust, were specifically pleaded, which provisions, so far as material to the disposition of this case, will be recited in connection with our discussion of the issues of law relevant thereto. Appellee further alleged that appellant at the same time required appellee and her husband, as a part of the same transaction and as further interest on the money loaned to them by appellant, to execute and deliver to one C. K. Durham a series of ten notes in the aggregate sum of $78.10, bearing said date and becoming due contemporaneously with the several interest notes of the first series as aforesaid. While not specifically alleged, each of said notes represented 1 per cent. of the unmatured portion of the principal note for the six months' period covered thereby. Said notes bore interest only after maturity, and then at the rate of 10 per cent. per annum. Appellee and her husband executed a second deed of trust upon the same land to secure said second series of notes. All said interest notes, both original and secondary, were duly paid, and the further sum of $675 was paid on the principal. Appellee's husband, B. P. Moore, died prior to the maturity of said principal note. The land involved passed at his death to appellee as community survivor. He died intestate, and no administration was had on his estate.

Appellee further alleged that on May 31, 1930, she was fraudulently induced by appellant to execute to it a renewal note in the sum of $1,400, payable in part in semiannual installments and the remainder on June 1, 1935, with interest on the unmatured portion of the principal thereof at the rate of 7 per cent. per annum, payable semi-

annually, and evidenced by ten interest notes in accord with such terms; that both said principal and interest notes bore interest after maturity at the rate of 10 per cent. per annum; that appellee, to secure the same, executed another deed of trust on the land involved herein. Certain provisions of said deed of trust, hereinafter designated as the last deed of trust, were specially pleaded, which provisions, so far as material to the disposition of this appeal, will be hereinafter recited. Said last note included the unpaid principal of the original note and $175 additional advanced at that time. Appellee, in that connection, paid to Blair Stribling $28 which appellant claims was commission. He was made a party apparently because he was named as trustee in the last deed of trust. Appellee alleged that both said transactions were usurious, and asked that all sums paid on all said interest notes be applied as credits on the $1,400 note, and alleged that, when so applied, said note would be satisfied in full. Upon appropriate allegations, appellee sought an injunction restraining appellant and said trustee Stribling from advertising the land for sale under the power contained in said last deed of trust and a decree canceling all said deeds of trust and removing the purported liens created thereby as a cloud upon her title.

Appellant denied that said transaction contained any element of usury, and alleged that the second series of notes in the first transaction were a commission which appellee and her husband had agreed to pay to said Durham for procuring said loan from appellant, and that the $28 paid Stribling was also a commission for his services in negotiating the renewal. Appellant also filed a cross-action in which it alleged that said $1,400 note was then due, and asked for recovery of the unpaid balance thereof, together with interest and attorney's fees, and for foreclosure of its lien.

The case was tried without a jury. The court held both the original and renewal transactions usurious and void as to interest; that the balance due on the $1,400 note was only $123.24; and rendered judgment therefor, with foreclosure of lien.

### Opinion.

Appellant presents various propositions in which it contends that neither of said transactions was usurious, and that the court erred in refusing to render judgment in its favor for the entire unpaid balance on the note sued on, with foreclosure of lien to secure the same. Appellee seeks to sustain the holding of the court so assailed on the ground of the acceleration provisions contained in the several instruments involved in said transactions. We may concede that the second series of notes, payable to Durham, were given, as stated in the second deed of trust, for a part of the agreed interest on the original $1,900 note, and not as commission as alleged by appellant. Nevertheless, the entire interest evidenced by both series of interest notes given in said transaction amounted in the aggregate to only 8 per cent. per annum, and therefore they contained in themselves no element of usury. The original note provided on its face for acceleration of maturity, in which event only the principal "and interest then accrued" should become due. Neither series of interest notes contained any provision authorizing acceleration of the maturity thereof. The first deed of trust provided that in event of default, the holder of the notes secured thereby might declare the same due and payable, and that the proceeds of any sale of the land by the trustee should be applied to the payment of all unpaid principal and interest and any other advancements made by the holder. The second deed of trust contained no provision for acceleration of the maturity of the second series of notes and authorized the trustee, in event of default in the payment of any of said notes, to sell the land, subject to all subsequent notes of said series and all other indebtedness secured by lien thereon, and to apply the proceeds to the payment of any note or notes of said series then past due, and any of the first series of interest notes unpaid at the time, and to the discharge of any advancements. Our Supreme Court has held that in case of conflict on the issue of acceleration between the provisions of an original note and the deed of trust securing the same or the provisions of a deed of trust subordinate thereto, the provisions of the note control. Braniff Inv. Co. v. Robertson, 124 Tex. 524, 81 S.W.(2d) 45, 51, par. 6, 100 A.L.R. 1421; Odell v. Commerce Farm Credit Co., 124 Tex. 538, 80 S.W.(2d) 295, 297, par. 3. However, there is no such conflict in this case. The provisions of said note are merely more specific than those contained in the respective deeds of trust. We do not understand appellee to challenge appellant's contention that the $28 paid to Stribling in connection with the renewal of the loan was commission and not interest. The renewal note was in the sum of $1,400 and bore interest

at the rate of 7 per cent. per annum. The entire sum paid to Stribling was only $28, or 2 per cent. additional on the principal of said note. Said renewal note, like the original principal note, provided in its face for acceleration of maturity, in which event only the principal "and interest then accrued" should become due. None of the series of notes executed as interest thereon contain any provision authorizing acceleration of the maturity thereof. The last deed of trust, securing said renewal note, like the first deed of trust, securing the original note, provided that in event of default the holder of the note secured thereby might declare the same due and payable, and that the proceeds of any sale of the land by the trustee should be applied to the payment of all unpaid principal and interest, and any other advancements made by the holder. The right of acceleration given in the several instruments involved in the first transaction was never exercised. The right of acceleration given in the last note and deed of trust appears to have been exercised only upon nonpayment of the installment of principal and interest due December 1, 1934, or less than six months prior to the final maturity of the principal note. We therefore conclude that neither of said transactions was rendered usurious by the acceleration provisions of the instruments involved therein, and appellee's contention to the contrary is overruled. Odell v. Commerce Farm Credit Co., 124 Tex. 538, 80 S. W.(2d) 295, 297, par. 3, and authorities there cited; Lincoln Nat. Life Ins. Co. v. Anderson, 124 Tex. 556, 80 S.W.(2d) 294, pars. 1 to 3, inclusive, 81 S.W.(2d) 1112; Reynolds Mortgage Co. v. Thomas, 124 Tex. 570, 81 S.W.(2d) 52, pars. 1 and 2; Connecticut General Life Ins. Co. v. Johnson (Tex.Civ.App.) 89 S.W.(2d) 1106, and authorities there cited.

█ Appellee also seeks to sustain the holding of the court so assailed on the ground that both said transactions were rendered usurious by the following clause contained in each of the deeds of trust securing the respective principal notes, to wit: "That we (grantors) will pay any taxes that may be hereafter provided by law and laid on or assessed against any right, title or interest in or lien on said property created by this instrument and chargeable to the holder hereof or of the note secured hereby, when due; provided, however, that nothing herein shall be construed to require the makers hereof to pay interest on said note at a rate greater than ten per centum per annum."

No law has been passed providing for the dual assessment of real estate and the apportionment of the value thereof for taxation between the holder of the legal title and the holder of an equitable interest therein in the form of a lien to secure indebtedness. There is no contention that said notes and liens, or either of them, were ever assessed for taxation. Appellant, by appellee's own allegations, was a foreign corporation, and the notes secured by said deeds of trust were made payable directly to it. Appellee made no attempt to show that said principal notes, or either of them, ever had a taxable situs in McLennan county, or elsewhere in Texas. See, in this connection, Great Southern Life Ins. Co. v. City of Austin, 112 Tex. 1, 243 S.W. 778, 781, et seq., pars. 10 et seq., and authorities there cited. Each of the provisions under consideration contains an express stipulation that nothing in such deed of trust shall be construed to require the makers to pay interest on the principal note secured thereby at a rate greater than 10 per cent. per annum. Similar provisions, so far as we have been able to ascertain, have been uniformly held to negative any intent to collect interest at an unlawful rate and not to render the transaction usurious. Reynolds Mortgage Co. v. Thomas, 124 Tex. 570, 81 S.W.(2d) 52; Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.(2d) 935; Wellfare v. Realty Trust Co. (Tex.Civ.App.) 85 S.W.(2d) 1067 (writ refused); Temple Trust Co. v. Stubbs (Tex.Civ.App.) 85 S. W.(2d) 817.

The judgment of the trial court is reversed and the cause remanded, with instructions to deny appellee credit on the principal of the note sued on for any interest paid thereon or on the original note of which the same was in part a renewal, and to render judgment in favor of appellant against appellee for the unpaid balance of the note sued on, together with all unpaid interest thereon and attorney's fees as provided therein, with a foreclosure of the lien securing the same.