## EMERSON v. FRANKLIN LIFE INS. CO.
### No. 12236.

Court of Civil Appeals of Texas. Dallas.
June 5, 1937.

Rehearing Denied July 17, 1937.

Sisco & Sisco and Dwight Whitwell, all of McKinney, for appellant.

Jesse F. Holt, of Sherman, for appellee.

BOND, Justice.

The Franklin Life Insurance Company instituted this suit in a district court of Grayson county,. Tex., against D. C. Emerson, for debt and foreclosure of a deed of trust on certain described real estate. Emerson's defense to the suit was predicated on a theory that the loan contract was tainted with usury; thus, in cross-action, vouched in the suit A. Y. Creager Company, the original lender of the money, and sought judgment for abatement of the principal note for all interest paid, penalties, etc. Judgment was entered in favor of the plaintiff for the full amount of the principal, interest, and attorney fees, and for foreclosure of deed of trust on the land, and against the defendant on his plea of usury.

The loan transaction here involved consists of a principal note executed by Emerson and payable to A. Y. Creager Company for the sum of $2,500, bearing 5½ per cent. interest, payable annually as it accrues, evidenced by attached coupons, and provides: "If default is made in the payment of any interest when due, then the holder hereof may declare the whole amount of this note due * * *"; and, after maturity, bear 10 per cent. interest per annum; ten notes, representing 1½ per cent. per annum additional interest on the principal note due to mature annually on the 1st day of January in each year, beginning with January 1, 1927, and each note provides: "Failure to pay this note when due shall at the option of the holder mature any or all of said series of notes"; and two deeds of trust, the first deed of trust, given to secure the principal note and attached coupons, provides: "We, the grantors herein, hereby covenant * * *; that we will pay all taxes upon said property, deed of trust or bond (note) assessed against same in the State of Texas," and the second deed of trust, made subject to the first deed of trust, securing the ten additional interest notes, provides: "Should there be any failure or default in the performance of any of the covenants or agreements herein contained, or if any of said notes be not paid when due, or if default

be made in the compliance with any of the terms or conditions of said first Deed of Trust, then at the option of the holder of said notes, exercised at any time after such default, any or all of said notes shall at once become due to the extent that the total thereof, together with interest on said bond at the rate therein provided, shall not exceed an interest charge of 10% per annum on the amount of said bond from the date at which interest began to date of foreclosure. * * *"

The loan transaction involved here is very similar to the transaction in the case of J. V. Greer et ux. v. Franklin Life Ins. Co., —— S.W.(2d) ——,[1] recently decided by this court, the acceleration clause, the provision for the payment of taxes, and the interest provision being identical, and the name of the lender and assignee being the same, as here. The contract was there held to be free from usury.

It is well settled in this state that all unearned interest on loans is not collectible by the prematurity of the principal indebtedness. Where the contract shows that subsequent accruing notes were given as interest for the use or detention of money loaned, for a definite period of time, and the principal note becomes prematurely due because of default in any covenant of the contract, the subsequent accruing interest notes are uncollectible, having no consideration as a basis for their validity. The acceleration of the principal indebtedness sets up a new standard for the payment of interest, and, in effect, cancels all outstanding interest not yet accrued, and obligates the borrower to pay a new rate of interest on money detained. Evidently, such is the intention of the parties in this instance.

The different instruments forming the contract here involved manifest an intention of the lender to collect from the borrower current interest at the rate of 7 per cent. per annum and, in addition thereto, requires the borrower to pay all taxes upon the principal note or bond assessed against it in the state of Texas. It will be noted that there is a margin of 3 per cent. allowable charge for the use or detention of the money loaned, without the contract being potentially usurious. There is no evidence disclosing the assessable value of the note or bond for taxation or the rate of taxation for any year, at any place in the state of Texas or elsewhere, where such note or bond, within the contemplation of the parties, would be subject to taxation. Thus, in the absence of such showing, it cannot be presumed that the amount of taxes required to be paid by the borrower would ever exceed 3 per cent. per annum of the principal loan. Kansas City Life Ins. Co. v. Duvall et ux. (Tex. Sup.) 104 S.W.(2d) 11.

Furthermore, by the express and positive terms of the contract here involved, the unearned interest notes and the amount of taxes required to be paid after the prematurity of the indebtedness are proportionately reduced to an extent that the amount thereof added to the stated interest on the bond, or note, shall not exceed 10 per cent. per annum on the money loaned. In the case of Mortgage Bond Co. of New York v. Moore et al. (Tex.Civ.App.) 96 S. W.(2d) 91, writ of error refused, the note, as here, bore interest after maturity at the rate of 10 per cent. per annum, and the borrower was required to pay all taxes that may be assessed against the note to the extent that such amount "shall not exceed an interest charge of 10 percent per annum on amount of said bond from the date at which interest began, to date of foreclosure." The court held that the transaction was not rendered usurious because of such provision. See, also, Temple Trust Co. et al. v. Cooper (Tex.Civ.App.) 96 S.W.(2d) 408.

We find no error in the judgment of the court below; accordingly, the judgment is affirmed.

On Motion for Rehearing.

Our original opinion expresses the finding that the contract here involved by express and positive terms shows that the amount of taxes required to be paid after maturity of the principal note is proportionately reduced with the unearned interest obligations, to an extent that the amount thereof added to the stated interest on the bond or note shall not exceed 10 per cent. per annum. While the contract, interpreted as a whole, clearly shows the dominant principle and intention of the parties as not to exact more for the use, forbearance, or detention of the money loaned than the maximum allowed by law, there is no expressed provision that the taxes on the bond or note, required to be paid by the borrower, shall be reduced; yet, we think, the provision in the second deed of trust, providing that "should there be

---

[1] Not released by court at date of publication.

any failure or default in the performance of any of the covenants or agreements herein contained, or if any of said notes be not paid when due, or if default be made in the compliance with any of the terms or conditions of said first deed of trust, then at the option of the holder of said notes exercised at any time after such default any or all of said notes shall at once become due to the extent that the total thereof, together with interest on said bond at the rate therein provided, shall not exceed an interest charge of 10% per annum on the amount of said bond from the date at which interest began to date of foreclosure, * * *" has a direct bearing on the evident intention of the parties not to charge usurious interest. The provision under the contingencies mentioned manifestly cancels all unearned interest notes in excess of 10 per cent. interest per annum on the principal note and sets up a new standard for the payment of interest or charge for the money loaned. The provision demonstrates that the contracting parties intended to avoid the implication of usury by expressly reducing the interest obligations provided therein to an extent that same would not exceed the amount allowed by law. The series of annual interest notes and the provision for the payment of taxes on the bond are current yearly obligations, payable only on the performance of the terms and conditions of the covenants and agreements of the contract. In case of default and the maturity of the principal bond, or note, the contract takes on a new rate or charge for the money loaned and brings into force the powers of sale in the deeds of trust.

Furthermore, it will be noted that the tax provision of the contract requires of the borrower to pay such taxes as may be assessed against the bond, or note, within the state of Texas. The bond or note was executed on December 1, 1925, payable to A. Y. Creager Company, and immediately thereafter assigned to appellee, whose principal office is in the state of Illinois. There is no showing in the record that the note was ever kept within the state of Texas, or that the holder thereof ever had or contemplated a tax situs for said note in the state, or that the maker thereof ever paid, or was required to pay, taxes thereon; nor is there any showing as to the basis of assessment and the rate of taxation on said property. Thus, in the absence of proof, courts cannot presume facts which may or may not exist, but, on the contrary, must assume that the facts do exist as not to make the contract usurious. Every presumption must be indulged to sustain the legality of the contract. A more extended discussion of a similar contract is found in the case of Greer v. Franklin Life Ins. Co., motion for rehearing this day overruled, which we here adopt.

Appellant's motion for rehearing is overruled.