AIRMATIC SYSTEMS, Inc., et al.
v. GOODSON et al.

No. 4847.

Court of Civil Appeals of Texas. Beaumont.

April 2, 1953.

Cecil, Keith & Mehaffy, Beaumont, for appellant.

Blades, Kennerly & Whitworth, Houston, for appellee.

PER CURIAM.

This is an appeal from an order of the district court of Hardin County overruling the pleas of privilege of the appellants Frank E. Ware and Everett Ernest Ware.

Elmer Floyd Goodson was fatally injured in an automobile-truck collision which occurred in Hardin County. Suit was brought by the appellees Mrs. Bessie Goodson, his surviving widow, Martha Suzanne Goodson, a minor daughter, and Mr. and Mrs. A. J. Goodson, the surviving parents. Defendants in the suit, in addition to the two appellants named, were Airmatic Systems, Inc., and Globe Indemnity Company. The appellants were residents of Dallas County. The appellees filed controverting affidavits to the pleas of privilege, whereby they sought to maintain venue in Hardin County under Sections 9, 27 and 29a of Article 1995, Vernon's Annotated Civil Statutes of Texas. The hearing on the pleas of privilege was before the court without a jury. After the hearing the trial court overruled the pleas of privilege. From this order and judgment the appellants have duly perfected their appeal.

No findings of fact nor conclusions of law were filed, nor were they requested.

The appellants bring this appeal on three Points of Error. Point No. 1 is as follows: "Plaintiffs failed to establish by the preponderance of the evidence that the acts of defendant Everett Ernest Ware constitute a crime or trespass so as to hold venue in Hardin County under Article 1995, Sec. 9, Revised Civil Statutes of 1925."

Appellants' second point is as follows: "Plaintiffs failed to establish by a preponderance of the evidence that the defendant Frank Ware is a necessary party so as to hold venue in Hardin County under Article 1995, Sec. 29a, Revised Civil Statutes of 1925."

Appellants' third point is as follows: "Plaintiffs failed to establish by a preponderance of the evidence that Airmatic Systems, Inc., one of the defendants, was a foreign corporation so as to hold venue in Hardin County under Article 1995, Sections 23 and 27, Revised Civil Statutes of 1925."

There is little, if any, serious controversy in the evidence as to the material facts in the case. Deceased was driving his employer's automobile at about 5:15 P.M. September 24, 1951 in a northerly direction on Highway 69 a few miles north of Kountze in Hardin County at the time of the fatal collision. The appellant Everett Ernest Ware was driving a truck in the opposite direction while in the course of his employment of the other appellant Frank E. Ware, who was the father of Everett Ernest Ware. He attempted to pass another car immediately in front of him and traveling in the same direction as he was and met the car driven by the deceased coming from the opposite direction in a collision which demolished the Goodson car and killed Goodson almost instantly. The appellant Everett Ernest Ware testified that he was trying to pass another automobile on his left and was opposite that car in the highway when he first saw the Goodson car in front of him; that it was on its righthand side of the road and that Ware, the truck driver, was over the center line in his, Ware's, lefthand lane trying to pass the other car when the collision took place; that after the collision the front end bumper of the truck was embedded in the left side of the Goodson car and that the impact of the front of the truck into the left side of the car threw Goodson through the right door of his car. The road at the place of the collision was a black topped highway 22 feet wide and was a fairly level road with no hills or curves there. At a point several hundred feet south of the scene of the collision one could see down the road past the point of the collision and nearly a mile beyond. The

appellant Everett Ernest Ware also testified that he had been driving behind the car which he was attempting to pass for quite a long distance and had tried several times to pass it, but that at each time he did so the driver of that car increased his speed so that he was unsuccessful in passing; that immediately before the collision he again attempted to pass and when he got opposite the car he saw the Goodson car in front of him too late to avoid the collision.

■ There was evidence as to the positions of the Goodson car and the truck of the appellants after the accident and evidence that it had been raining shortly before the collision. Everett Ernest Ware testified that he was driving between 35 and 45 miles per hour when he attempted to overtake the car, then he picked up speed but could not recall the correct mileage. A deputy sheriff of Hardin County testified that he went to the scene of the accident shortly after it occurred and that when he got there Goodson was on the ground on the right side of his car and was dead; that the Goodson car was off on the shoulder of the righthand side of the road going north, that the front of the truck was against the Goodson car and the left wheel of the Goodson car was nearest the paved portion of the highway 2 or 3 feet away; that the truck was sitting at a 50 to 60 degree angle on the lefthand side of Goodson's car with the front end against the door; that the Goodson car was torn completely up and that the front of the truck was embedded in the side of the automobile and that it took a wrecker to pull them apart; that he noticed skid marks 15 or 20 or 25 feet made by the truck on the road and that he noticed no skid marks made by the Goodson car on the road or the shoulder of the road; that the Goodson car had been knocked to its right sideways as shown by some dirt scraped up where it had been pushed and that the front and back wheels of the Goodson car were moved about the same distance to the right. We believe that the evidence was sufficient to support the order and judgment of the trial court overruling the pleas of privilege. It is sufficient to support an implied finding by the trial court that the acts of the driver

of the truck constituted active negligence and a violation of the Criminal Statutes. Section 56 of Article 6701d provides that "No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible, and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred (100) feet of any vehicle approaching from the opposite direction." The argument of the appellants under this point is that while it is true that the driver of the truck was driving on his lefthand side of the road and was attempting to pass another car while the car of the deceased was approaching in the opposite direction, still the driver's presence on such lefthand side of the road is satisfactorily explained by the fact that the driver of the vehicle being overtaken speeded up when the truck increased its speed and slowed down when the truck slowed down and that this series of maneuvers caught him in a trap. They rely upon the opinion in the case of Hamilton v. Perry, Tex.Civ.App., 85 S.W.2d 846 which held that driving on the lefthand side of the highway was a trespass when there was no reason whatsoever to explain the presence of that car on that side of the highway. The appellants say that the testimony of the driver of the truck explains why the driver thereof was driving on the lefthand side of the highway. We believe that the testimony referred to explains why the driver of the truck was on the lefthand side of the highway but fails to relieve him of the consequences of his act or to excuse him for such conduct. In our opinion the trespass by the driver of the truck was committed when he attempted to pass the other car and drove into the lefthand lane of the highway when the Goodson car was directly in front of him and approaching him. It is evident from all of the facts that

the Goodson car was close ahead and approaching from the opposite direction, on the proper side of the highway, and even if the trial court believed the statement of the truck driver that he did not see the Goodson car until he was opposite the car he was attempting to pass, the court could reasonably have found that he nevertheless had committed a trespass by driving his truck on the lefthand side of the highway when that side of the highway was not free of oncoming traffic for a sufficient distance to permit the overtaking to be completely made without interfering with the safe operation of the approaching Goodson car. If the driver of the truck did find himself in a trap, the trap was of his own making and that does not excuse his presence at that immediate time and place. The evidence is also sufficient to support an implied finding by the trial court that regardless of speed of the truck, the driver of it was driving at an excessive rate of speed, under the surrounding circumstances. The appellants' first point is overruled.

■ Appellants' second point is overruled. The evidence is undisputed that the appellant Frank Ware was the owner of the truck involved, that the driver of the truck was his employee, operating the truck in the furtherance of his employer's business. Under the authority of Safety Convoy Company v. Potts, Tex.Civ.App., 214 S.W. 2d 680, we hold that since the evidence was sufficient to show a trespass in Hardin County by the employee and agent of the appellant Frank E. Ware, venue as to him in Hardin County is sustained under Section 9, Article 1995, Vernon's Annotated Civil Statutes of Texas, as amended in 1947.

Appellants' third point is overruled. Airmatic Systems, Inc., was alleged in the original petition, adopted in the controverting affidavit, to be a corporation incorporated under the laws of the State of New York, with its principal office and place of business in New York City, and doing business in Texas with a local office and agent in Dallas County. It was also alleged that the appellant Frank E. Ware was such agent of the corporation. However, Airmatic Systems, Inc. did not file a plea of privilege and is not a party to this appeal. We deem it immaterial to the determination of this appeal whether or not proof was made at the hearing showing that Airmatic Systems, Inc. was a foreign corporation. In view of our holding above that a crime and trespass were shown by the evidence to have been committed by the appellant Everett Ernest Ware in Hardin County while acting in the course of his employment for appellant Frank E. Ware, the third point presents no error.

The judgment of the trial court is affirmed.